NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 19, 2014
Decided September 23, 2014

## Before

FRANK H. EASTERBROOK, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-3007

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

RENARD BUTLER,
    *Defendant-Appellant.*

Appeal from the United
States District Court for the
Eastern District of Wisconsin.

No. 14-CR-22
Rudolph T. Randa, *Judge*.

## Order

Renard Butler, who pleaded guilty to possessing and passing counterfeit money, was sentenced to 24 months' imprisonment. The district judge ordered him to report to prison on or before noon of October 6, 2014. But after a probation officer reported that Butler had conceded smoking marijuana and may have returned to passing counterfeit currency, the district court issued a warrant for his immediate arrest. He was taken into custody on September 3. Without holding a hearing, the district court rejected Butler's motion for release, writing

(in an order dated September 9) that because Butler has not filed an appeal of his sentence, he is required to start serving his sentence immediately.

Butler's appeal contends that the district court violated 18 U.S.C. §3148(b), which requires a district court to hold a hearing before ordering the imprisonment of someone who had been released under 18 U.S.C. §3142. But since §3142 applies to pretrial release, §3148 is not relevant. Section 3143, not §3142, deals with release following a judgment of conviction.

The district court understood that §3143 is the governing rule but was mistaken in believing that Butler has not appealed. His appeal, No. 14-2770, contests the length of his sentence. This makes him potentially eligible for release under §3143(b)(1), which establishes immediate detention following entry of judgment as the norm but permits a judge to allow release if "the judicial officer finds—(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community … and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

The district court's order of September 9 said that Butler's "violation of conditions awaiting imprisonment" justifies incarceration, and a finding that Butler *has* violated those conditions would foreclose a decision in his favor under §3143(b)(1)(A). But the judge has not made such a finding. A report by a probation officer could be the *basis* for such a finding but is not itself a judicial finding. Nor has the district court considered the questions posed by §3143(b)(1)(B). We therefore vacate the district court's decision and remand for consideration of the issues posed by §3143(b). The mandate will issue today, and the district court should act with all possible dispatch.